Vanessa R. Waldref
United States Attorney
Eastern District of Washington
George J.C. Jacobs, III
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BOBBI JO TWETEN<br>(a/k/a "Bobbi Jo Hindberg"),<br>SHANE KENNETH NELSON,<br><br>Defendants. | 2:22-CR-88-TOR<br><br>INDICTMENT<br><br>Vio: 18 U.S.C. § 1349<br>Conspiracy to Commit Bank Fraud<br>(Count 1)<br><br>18 U.S.C. §§ 1344, 2<br>Bank Fraud<br>(Counts 2-8)<br><br>18 U.S.C. § 1028A(a)(1)<br>Aggravated Identity Theft<br>(Counts 9-11)<br><br>18 U.S.C. § 982(a)(2)(A), (B), 18 U.S.C. § 1028(b), 28 U.S.C. § 2461(c)<br>Forfeiture Allegations |

The Grand Jury charges:

At all times relevant and material to this Indictment:

### GENERAL ALLEGATIONS

1. The term "financial institutions" refers collectively to the entities set forth below. "FDIC" denotes Federal Deposit Insurance Corporation; "NCUA" denotes National Credit Union Administration. Where account numbers are referenced within this Indictment, only the last four digits are provided.

INDICTMENT – 1

| NAME OF FINANCIAL INSTITUTION | LOCATION OF SERVICE | FEDERAL INSURANCE |
|---|---|---|
| U.S. Bank, N.A. | National (Including Eastern District of Washington) | FDIC |
| Numerica Credit Union | Multi State (Including Eastern District of Washington) | NCUA |

2.    The term "real person victims" refers collectively to individuals, including those identified below by initials and residence, whose means of identification and personal identifying information was possessed, transferred, and utilized without lawful authority.

| INITIALS OF REAL PERSON | RESIDENCE |
|---|---|
| A.V.G. | Eastern District of Washington |
| T.M. | Eastern District of Washington |
| E.M. | Eastern District of Washington |
| A.W. | Eastern District of Washington |
| B.V. | Eastern District of Washington |

3.    The term "organizational victim" refers to CrownQuest Operating, LLC, Midland, Texas, whose bank account data and other identifying organizational information was possessed, transferred, and utilized without lawful authority.

COUNT 1

4.    Paragraphs 1-3 of the General Allegations section of this Indictment are re-alleged and fully incorporated herein by reference.

5.    Beginning on a date unknown to the Grand Jury, but by on or about December 18, 2021, and continuing through on or about the date of this Indictment, in the Eastern District of Washington, and elsewhere, the Defendants, BOBBI JO TWETEN (a/k/a "Bobbi Jo Hindberg") (hereinafter, "TWETEN") and SHANE KENNETH NELSON (hereinafter, "NELSON"), did willfully, that is,

INDICTMENT – 2

with the intent to further the objects of the conspiracy, and knowingly combine, conspire, confederate, and agree together to knowingly and with intent to defraud, execute and cause the execution of a scheme and artifice to defraud one or more financial institutions, as defined by 18 U.S.C. § 20, which scheme and artifice would employ material falsehoods, and to knowingly and with intent to defraud, execute, and cause the execution of a scheme and artifice to obtain moneys, funds, credits, assets, or other property owned by, or under the custody and control of, one or more financial institutions, by means of false and fraudulent pretenses, representations, or promises relating to a material fact, in violation of 18 U.S.C. §§ 1344(1), (2), and 2; all in violation of 18 U.S.C. § 1349.

## PURPOSE OF THE CONSPIRACY

6.  It was the purpose of the conspiracy for the Defendants to unlawfully enrich themselves by, among other things: (a) unlawfully obtaining and using financial institution account data, including checks, credit cards and credit card accounts, and identifying information of real person victims, including forms of identification that had been issued to real person victims; (b) creating counterfeit and false driver's licenses and identification cards to use as personal identification when negotiating, and attempting to negotiate, actual, forged altered and counterfeit checks; (c) creating forged, altered and counterfeit checks; (d) causing forged, altered and counterfeit checks to be presented for payment by financial institutions based on material misrepresentations; (e) unlawfully using forged, altered and counterfeit checks for payment of goods based on material misrepresentations; and (e) unlawfully using means of identification of real person victims and others in order to mislead financial institutions and to conceal the Defendants' true identities and involvement in the fraud scheme.

## MANNER AND MEANS OF CONSPIRACY

7.  The manner and means by which the Defendants sought to accomplish the objects and purpose of the conspiracy included, among others, the following:

INDICTMENT – 3

8. Beginning on a date unknown to the Grand Jury, but at least by on or about December 18, 2021, and continuing through on or about June 8, 2022, the Defendants unlawfully obtained and used financial and personal identifying information, including names, addresses, social security numbers, and banking and financial account information of real person victims. The Defendants obtained this information primarily through the theft of U.S. Mail and by other illegal means.

9. The Defendants created, and caused to be created, altered, forged and counterfeit checks, and negotiated, and attempted to negotiate, such checks for their personal use and benefit.

10. The Defendants used, and attempted to use, fraudulently opened consumer accounts in the names of real person victims at financial institutions.

11. The Defendants executed the scheme and artifice through acts including the following substantive allegations:

## COUNTS 2-8

12. Paragraphs 1-11 of this Indictment are realleged and incorporated herein by reference.

13. Beginning on or about January 5, 2022, and continuing through on or about March 27, 2022, in the Eastern District of Washington, and elsewhere, the Defendants, TWETEN and NELSON, did knowingly, and with intent to defraud, execute, and attempt to execute, and cause the execution of, a scheme and artifice to defraud one or more financial institutions, as defined by 18 U.S.C. § 20, which scheme and artifice employed a material falsehood, and did knowingly, and with intent to defraud, execute, and attempt to execute, and cause the execution of, a scheme and artifice to obtain moneys, funds, credits, assets, or other property owned by, and under the custody and control of one or more said financial institutions by means of false and fraudulent pretenses, representations, and promises, relating to a material fact, in violation of 18 U.S.C. § 1344(1), (2).

INDICTMENT – 4

## EXECUTION OF THE SCHEME AND ARTIFICE

14. On or about the dates listed below, in the Eastern District of Washington, and elsewhere, the Defendants identified below did execute and attempt to execute the above-described scheme and artifice to defraud a financial institution and to obtain any moneys, funds, credits, assets, and other property owned by, and under the custody and control of, said financial institution, each transaction constituting a separate count of this Indictment, as follows:

| COUNT | DATE | DEFENDANT(S) | EXECUTION |
|---|---|---|---|
| 2 | 1/5/2022 | NELSON | Opening fraudulent Numerica Credit Union account number ending in 2477 using stolen personal identifiers of A.V.G. |
| 3 | 1/6/2022 | NELSON | Depositing stolen check 167291 in the amount of $1,800.42, drawn against the account of CrownQuest Operating, LLC into fraudulent Numerica account ending in 2477 at Numerica Credit Union located at 4909 E. Sprague Avenue, Spokane, WA 99212 |
| 4 | 2/11/2022 | TWETEN, NELSON | Depositing stolen and forged check 4889 in the amount of $2,486.00, drawn against the US Bank account of T.M. and E.M., into the US Bank account of A.W. at 102 W. Indiana Avenue, Spokane, WA 99205 using stolen debit card and PIN of A.W. |

INDICTMENT – 5

| | | | |
|---|---|---|---|
| 5 | 2/11/2022 | TWETEN, NELSON | Depositing stolen and forged check 6667 in the amount of $1,247.00, drawn against the account of B.V., into US Bank account of A.W. at 10100 N. Newport Highway, Spokane, WA 99218 using stolen debit card and PIN of A.W. |
| 6 | 2/11/2022 | TWETEN, NELSON | Withdrawing $200 from A.W.'s US Bank account using stolen debit card and PIN of A.W. at US Bank ATM machine located at 7307 North Division Street, Spokane, WA 99208 |
| 7 | 2/11/2022 | TWETEN, NELSON | Withdrawing $300 from A.W.'s US Bank account using stolen debit card and PIN of A.W. at US Bank ATM machine located at 7307 North Division Street, Spokane, WA 99208 |
| 8 | 3/27/2022 | TWETEN | Using altered and stolen check 4895 in the amount of $465.15, drawn against the US Bank account of T.M. and E.M., at Walmart located at 5025 E. Sprague Avenue, Spokane, WA 99212 |

All in violation of 18 U.S.C. § 1344(1), (2).

COUNTS 9-11

14. Paragraphs 1-13 of this Indictment are realleged and incorporated herein by reference.

15. On or about the dates listed below, in the Eastern District of Washington, and elsewhere, the Defendants identified below, during and in relation to a felony violation of Title 18, United States Code Sections 1344(1), (2), 1349, that is, knowingly, and with intent to defraud, executing, and attempting to execute, and causing the execution of, a scheme and artifice to defraud one or more

INDICTMENT – 6

financial institutions, which scheme and artifice employed a material falsehood, and knowingly, and with intent to defraud, executing and attempting to execute, and causing the execution of, a scheme and artifice to obtain any of the moneys and funds owned by, and under the custody and control of, one or more financial institutions, by means of false and fraudulent pretenses, representations and promises, relating to material facts, and conspiring to do so, as charged in Counts 1-8 of this Indictment, did knowingly possess, and use, without lawful authority, the means of identification of another person, as set forth below:

| COUNT | DATE | DEFENDANT(S) | MEANS OF IDENTIFICATION |
|---|---|---|---|
| 9 | 2/11/2022 | TWETEN, NELSON | Stolen US Bank debit card and PIN belonging to A.W. |
| 10 | 2/11/2022 | TWETEN NELSON | Name and checking account number belonging to B.V. |
| 11 | 3/27/2022 | TWETEN | Names and checking account number belonging to T.M. and E.M. |

All in violation of 18 U.S.C. § 1028A(a)(1).

NOTICE OF FORFEITURE ALLEGATIONS

The allegations contained in this Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeitures.

Pursuant to 18 U.S.C. § 982(a)(2)(A), upon conviction of an offense in violation of 18 U.S.C. §§ 1349, 1344, the Defendants, TWETEN and NELSON shall forfeit to the United States any property constituting, or derived from, proceeds obtained, directly or indirectly, as the result of such violation(s). The property to be forfeited includes, but is not limited to, the following:

//

//

INDICTMENT – 7

MONEY JUDGMENT

A sum of money in United States currency representing the amount of proceeds obtained as a result of the conspiracy to commit bank fraud and bank fraud offenses.

If any of the property described above, as a result of any act or omission of the Defendants:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c). All pursuant to 18 U.S.C. § 982(a)(2)(A) and 28 U.S.C. § 2461(c).

Pursuant to 18 U.S.C. § 982(a)(2)(B) and/or 18 U.S.C. § 1028(b), upon conviction of an offense in violation of 18 U.S.C. § 1028A(a)(1), as set forth in this Indictment, the Defendants, TWETEN and NELSON, shall forfeit to the United States of America, any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation(s); and/or any personal property used or intended to be used to commit the offense(s). The property to be forfeited includes, but is not limited to, the following:

MONEY JUDGMENT

A sum of money in United States currency representing the amount of proceeds obtained as a result of the aggravated identity theft offenses.

If any of the property described above, as a result of any act or omission of the Defendants:

INDICTMENT – 8

a.   cannot be located upon the exercise of due diligence;
b.   has been transferred or sold to, or deposited with, a third party;
c.   has been placed beyond the jurisdiction of the court;
d.   has been substantially diminished in value; or
e.   has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. §§ 982(b)(1) and 1028(g) and 28 U.S.C. § 2461(c). All pursuant to 18 U.S.C. §§ 982(b)(1) and 1028(g) and 28 U.S.C. § 2461(c).

DATED this 19th day of July, 2022.

*Vanessa Waldref*
Vanessa R. Waldref
United States Attorney

*George J.C.*
George J.C. Jacobs III
Assistant United States Attorney

INDICTMENT – 9